UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE RICHARDS,

    Petitioner,

v.                            Case No. 13-13763
                                HON. TERRENCE G. BERG
MARY BERGHUIS,           HON. PAUL J. KOMIVES

    Respondent.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND
<u>DENYING A CERTIFICATE OF APPEALABILITY</u>**

Pro se Petitioner Maurice Richards, a state prisoner incarcerated at the Ernest C. Brooks Correctional Facility in Muskegon Heights, Michigan, is seeking a writ of habeas corpus. Petitioner alleges that the trial court: (1) violated Petitioner's due process right to trial by an impartial jury when it allowed jurors to discuss the case with one another before the completion of trial; (2) deprived Petitioner of his right to a fair trial and presumptive innocence when it informed the jury that it could draw an adverse inference from the defendant's failure to produce the testimony of Dorian Pittman; and (3) deprived Petitioner of his state and federal constitutional right to due process by requiring him to wear leg shackles throughout his entire jury trial.

On March 12, 2014, the Court referred this case to Magistrate Judge Paul J. Komives for all pretrial proceedings (Dkt. 11). This matter is now before the Court on the Magistrate Judge's May 6, 2014 Report and Recommendation (Dkt. 12),

recommending that the Court both deny Petitioner's application for writ of habeas corpus and deny Petitioner a certificate of appealability.

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the Report and Recommendation. 28 U.S.C. § 636(b)(1), E.D. Mich. LR 72.1(d). A district court must conduct a de novo review of the parts of a Report and Recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*.

On May 19, 2014, Petitioner filed an objection to the Report and Recommendation (Dkt. 13), asserting that he is entitled to habeas relief on all three claims.

The Court has carefully reviewed Magistrate Judge Komives's Report and Recommendation and thoroughly considered Petitioner's objections. For the reasons set forth below, Petitioner's objections are OVERRULED, and the Report and Recommendation is ACCEPTED and ADOPTED as the opinion of the Court.

## I. PROCEDURAL HISTORY

On May 15, 2009, following a jury trial in the Macomb County Circuit Court, Petitioner was convicted of carjacking and possession of a firearm during the commission of a felony. On June 30, 2009, Petitioner was sentenced to a term of 8-

to 25-years' imprisonment on the carjacking conviction, and to a mandatory consecutive term of two-years' imprisonment on the felony-firearm conviction.

Petitioner appealed and on October 19, 2010, the Michigan Court of Appeals affirmed Petitioner's conviction. *See People v. Richards*, No. 293285, 2010 WL 4103538 (Mich. Ct. App. Oct. 19, 2010). Petitioner then sought leave to appeal with the Michigan Supreme Court. On May 18, 2011, the Michigan Supreme Court granted leave to appeal, limited to petitioner's first issue, *People v. Richards*, 797 N.W.2d 134 (2011), but then on March 9, 2012, the Court vacated that order and denied leave to appeal because it was "no longer persuaded that the questions presented should be reviewed by the Court," *People v. Richards*, 809 N.W.2d 148 (2012). Petitioner filed a petition for writ of certiorari with the United States Supreme Court, and on October 1, 2012, the Supreme Court denied the petition. *See Richards v. Michigan*, 133 S. Ct. 219 (2012).

On September 4, 2013, petitioner filed his application for writ of habeas corpus now before this Court, raising the same three claims.

## II.   ANALYSIS

Petitioner has made three objections (Dkt. 13) to the Report and Recommendation (Dkt. 12), all of which relate to the alleged violation of his right to a fair trial and impartial jury.

### A.   Permitting Pre-deliberation Discussions Among the Jurors.

Petitioner argues first that his due process right to a fair trial and an impartial jury was violated when the trial court allowed the jurors to discuss the evidence

3

before deliberations began. In support of this argument, he cites to *Winebrenner v. United States*, 147 F.2d 322, 327–29 (8th Cir. 1945), which he claims holds "that allowing jurors to discuss the evidence and form opinions during the presentation of a criminal case is inherently risky given the foibles of human nature," because jurors may draw conclusions without hearing all the evidence and without all needed instructions from the court. (Dkt. 13 at 2.) Petitioner also cites to *People v. Hunter*, 121 N.W.2d 442 (Mich. 1963), which he argues holds that permitting pre-deliberation discussions among jurors is improper.

This objection is overruled. As Magistrate Judge Komives correctly pointed out, a federal court on habeas review can grant the petition of a person imprisoned as the result of a state court proceeding *only if* the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." (Dkt. 12 at 4 (citing 28 U.S.C. § 2254(d)).) This objection is clearly based on number 1 above, that the decision was contrary to clearly established federal law. (Dkt. 13 at 1–2.) The objection must fail because, as Magistrate Judge Komives pointed out, the decision does not violate clearly established federal law *as determined by the Supreme Court of the United States. See Mitchell v. Esparza*, 540 U.S. 12, 15–16.

4

Petitioner's point seems to be that his trial violated rights established or recognized by the Eighth Circuit and the Michigan Supreme Court in *Winebrenner* and *Hunter*, respectively. He may be right, but the fact remains that his trial did not violate a right established or recognized by the United States Supreme Court, which is the standard he must meet in this proceeding. *See, e.g.*, *White v. Woodall*, 134 S. Ct. 1697, 1706 (2014). Petitioner is not entitled to habeas relief on this claim.

B.  **Adverse Inference Instruction.**

Second, Petitioner contends that the trial court denied him the presumption of innocence and shifted the burden of proof when it allegedly allowed the jury to draw an adverse inference from petitioner's failure to call a particular witness. In support of this argument, he cites to *People v. Shannon*, 276 N.W.2d 546 (Mich. Ct. App. 1979). Petitioner asserts that this case holds that "[i]t is axiomatic that the trial court may not comment upon a criminal defendant's failure to testify or produce witnesses." (Dkt. 13 at 3.) In fact, *People v. Shannon* holds that a defendant's failure to testify may not be commented upon by the court or prosecutor, and that the defendant's failure to produce an alibi witness is not admissible against him under certain circumstances.[1] Petitioner also cites to *People v. Hider*, 163 N.W.2d 273, 275 (Mich. Ct. App. 1968), and *People v. Jordan*, 151 N.W.2d 242 (Mich. Ct. App. 1967), both of which hold that the prosecutor is not at liberty to comment on the defendant's failure to testify. These cases fail to support Petitioner's argument that

---

[1] In fact, in this same decision, the Court notes that there are circumstances where it is proper to "allow[] comment upon a defendant's failure to produce a corroborating witness." *People v. Shannon*, 276 N.W.2d 546, 549 (1979).

the trial court may not comment upon a criminal defendant's failure to produce a witness.

Petitioner's trial did not involve alibi witnesses or the defendant's own testimony, but instead a comment made by the court concerning a witness that neither the prosecutor nor defense called. The Michigan Court of Appeals summarized the incident as follows:

> [D]uring closing arguments, defense counsel argued that the prosecution had the burden of proof, and that "if Dorian Pittman had said there was a gun, you can bet he would've been in court." After overruling the prosecutor's objection to this statement, the court commented that "neither side has requested his presence here . . . during this trial. And they can reach their own conclusion from that."

*People v. Richards*, No. 293285, 2010 WL4103538, at *3 (Mich. Ct. App. Oct. 19, 2010). Petitioner argues that the trial court's comment suggested to the jury that it could draw a negative inference from Defendant's decision not to present Dorian Pittman as a witness.

Upon reviewing the issue de novo, the Court concludes that Magistrate Judge Komives's review and analysis of the facts and law was thorough and accurate, and the objection is therefore overruled for the reasons set forth in the report and recommendation. The Michigan trial court's comment was a response to defense counsel's closing argument and the prosecutor's objection to the argument, it was not a jury instruction. Moreover, the comment did not favor a permissible inference for either party. Although Petitioner cites *Estelle v. Williams*, 425 U.S. 501 (1976), holding that the right to a fair trial is a fundamental liberty secured by the Fourteenth Amendment, Petitioner has not shown how the procedures followed here

denied him the presumption of innocence or a fair trial. As Magistrate Judge Komives correctly stated, the comment did not direct or inform the jury that it could draw an adverse inference against petitioner. Furthermore, in the instructions given to the jury, the court repeatedly instructed the jury on the prosecutor's burden of proof, petitioner's presumption of innocence, and petitioner's lack of any obligation to produce any evidence. Petitioner is not entitled to habeas relief on this claim.

**C.     Shackles.**

Lastly, Petitioner claims that he was denied a fair trial because he was shackled during the trial. In support of this argument, he cites *Kennedy v. Cardwell*, 487 F.2d 101, 111 (6th Cir. 1973), asserting that it holds that shackles should be used only upon a clear showing of necessity and only as a last resort. Upon reviewing the issue de novo, the Court concludes that Magistrate Judge Komives's review and analysis of the facts and law was thorough and accurate, and the objection is therefore overruled on the grounds explained in the report and recommendation.

Specifically, while Petitioner is correct that shackles should be used only upon a clear showing of necessity and as a last resort, *Kennedy* also holds that the burden of proof is upon the petitioner in a habeas corpus proceeding to establish that his constitutional rights were violated by the shackling. *Id.* The Supreme Court's cases "demonstrate that [a court's] core concern in this area is to avoid any procedure that undermines the presumption of innocence by conveying a message to the jury that the defendant is guilty." *United States v. Larson*, 460 F.3d 1200, 1215 (9th Cir.

2006). The question is whether the courtroom arrangement was so inherently prejudicial that it branded the defendant with an "unmistakable mark of guilt." *Holbrook v. Flynn*, 475 U.S. 560, 571 (1986). While an inherently prejudicial courtroom arrangement must be justified by an essential state interest, an arrangement that is not inherently prejudicial need not be so justified. *See Larson*, 460 F.3d at 1216. Appearing in shackles or similar restraints before the jury is inherently prejudicial, and "[t]he law has long forbidden routine use of visible shackles during the guilt phase; it permits a State to shackle a criminal defendant only in the presence of a special need." *Deck v. Missouri*, 544 U.S. 622, 626 (2005).

Here "[t]he Michigan Court of Appeals rejected Petitioner's claim, concluding that there was nothing in the record to suggest that the jury actually observed Petitioner in shackles." (Dkt. 12 at 15.) The court reasoned:

> The record discloses that the trial court recognized the importance of the jury not viewing defendant in restraints during trial and took steps to ensure that the jury would not see the shackles. The court stated that defendant was to be shackled only at his ankles, where "the shackles will be blocked by the table and so not in the jury's view throughout the trial." Further, the court ordered that defendant was not to be shackled during jury selection, when potential jurors would be seated behind defense counsel's table, and that defendant would be permitted to enter and leave the courtroom while the jury was not present. Defendant acknowledges that there is no evidence that any jurors saw him in shackles.

*Richards*, 2010 WL 4103538, at 4*. This determination was reasonable.

As Magistrate Judge Komives correctly stated, *Deck* held unconstitutional the routine use of "*visible* restraints at trial"—where the defendant is shackled in a way that is *not* visible to the jury, there is no denial of a fair trial. (Dkt. 12 at 15.) As

8

stated above, the burden of proof is upon the petitioner in this habeas corpus proceeding to establish that his constitutional rights were violated by the shackling. Here, Petitioner has failed to provide any evidence that any juror saw him in the shackles. Petitioner therefore has failed to meet his burden of proof.

### III. CONCLUSION

For the reason set forth above, Petitioner's objections are **OVERRULED** and Magistrate Judge Komives's Report and Recommendation of May 6, 2014, (Dkt. 12) is hereby **ACCEPTED** and **ADOPTED**.

It is **FURTHER ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**, and that a Certificate of Appealabilty is **DENIED**.

s/Terrence G. Berg<br>
TERRENCE G. BERG<br>
UNITED STATES DISTRICT JUDGE

Dated:  July 25, 2014

#### Certificate of Service

I hereby certify that this Order was electronically submitted on July 25, 2014, using the CM/ECF system, which will send notification to each party, and to unrepresented parties via ordinary mail.

By:  s/A. Chubb
       Case Manager